UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 13 |
| Thomas J. Alt, | Case No. 11-58912 |
| Debtor. / | Hon. Phillip J. Shefferly |
| Thomas J. Alt, | Adversary Proceeding No. 11-06464-PJS |
| Plaintiff, | |
| v. | |
| Federal National Mortgage Association, c/o IBM Lender Business Process Services, Inc., a corporation organized under the laws of the United States, and Lender Business Process Services, a foreign corporation, jointly and severally, | |
| Defendants. / | |

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION
FOR ENTRY OF EX PARTE TEMPORARY RESTRAINING ORDER**

On July 11, 2011, Thomas J. Alt ("Debtor") filed a Chapter 13 bankruptcy case. On September 9, 2011, the Debtor commenced this adversary proceeding by filing a verified complaint for injunctive and declaratory relief against Federal National Mortgage Association, a corporation organized under the laws of the United States, and Lender Business Process Services, a foreign corporation, jointly and severally ("Defendants"). The verified complaint alleges that the Debtor was the owner of certain property located at 3805 Winding Brook Circle, Rochester Hills, Michigan ("Property"). The verified complaint alleges that a foreclosure sale was held with respect to a

mortgage on the Property on January 11, 2011, and a sheriff's deed was then issued. The verified complaint alleges that the time to redeem from the foreclosure sale under applicable Michigan law was scheduled to expire on July 11, 2011. The verified complaint alleges that the Debtor had arranged a short sale of the Property, but that the short sale of the Property could not be closed before the expiration of the redemption period. As a result, the verified complaint alleges that the Debtor filed the Chapter 13 bankruptcy case, which had the effect of extending the redemption period for 60 days pursuant to § 108(b)(2) of the Bankruptcy Code. According to the verified complaint, by filing the Chapter 13 bankruptcy case and obtaining the 60-day extension under § 108(b)(2) of the Bankruptcy Code, the redemption period from the foreclosure sale of the Property would be extended until September 9, 2011, enabling the Debtor additional time in which to close the proposed short sale of the Property.

On the same day that the Debtor filed the verified complaint, the Debtor also filed an ex parte motion for entry of a temporary restraining order (docket entry no. 3). The ex parte motion requests the entry of an order that "stays" or "tolls" the redemption period from the foreclosure sale of the Property which otherwise would expire on September 9, 2011. The ex parte motion is not accompanied by a brief, but instead requests the entry of the temporary restraining order to avoid irreparable harm to the Debtor for the reasons set forth in the verified complaint.

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. Federal Rule of Bankruptcy Procedure 7065 states that Fed. R. Civ. P. 65 applies in adversary proceedings, with one exception, not pertinent here, regarding Fed. R. Civ. P. 65(c). Fed. R. Civ. P. 65(b) permits the Court to issue a temporary restraining order without notice to the adverse party or its attorney only if certain requirements are met. First, Fed. R. Civ. P. 65(b)(1)(A) requires specific facts in an

affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result to the moving party before the adverse party can be heard in opposition. Second, Fed. R. Civ. P. 65(b)(1)(B) states that the moving party's attorney must certify in writing any efforts made to give notice and the reasons why notice should not be required.

The Debtor's verified complaint does allege an immediate and irreparable injury, but the Debtor's ex parte motion does not certify what efforts, if any, the Debtor's attorney made to give notice of the ex parte motion. The failure to certify the efforts made to attempt to give notice is, by itself, fatal to the Debtor's ex parte motion. But even if the Debtor's attorney did certify the efforts made to give notice of the ex parte motion, the Court concludes that the ex parte motion must be denied on substantive grounds.

In Tucker v. City of Fairfield, Ohio, 398 F.3d 457, 461 (6th Cir. 2005), the Sixth Circuit identified the following factors for a court to consider in determining whether to issue a preliminary injunction:

> When determining whether to grant a preliminary injunction, a district court must consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest.

The Sixth Circuit Court of Appeals has also held that the same factors are balanced when considering whether to enter a temporary restraining order. Workman v. Bredesen, 486 F.3d 896, 905 (6th Cir. 2007) (citation omitted). "A district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." Six Clinics Holding Corp., II v. Cafcomp Systems, Inc., 119 F.3d 393, 399 (6th Cir. 1997) (citation omitted).

To meet the first factor, "a plaintiff must demonstrate, among other things, a strong or substantial likelihood or probability of success on the merits." United of Omaha Life Insurance Co. v. Solomon, 960 F.2d 31, 35 (6th Cir. 1992) (citation omitted). The Debtor's verified complaint and ex parte motion do not explain why the Debtor believes that there is a strong or substantial likelihood or probability of success on the merits of the verified complaint in this case. The verified complaint cites only § 108(b) of the Bankruptcy Code. While it is true that § 108(b) of the Bankruptcy Code extends the redemption period in this case for 60 days after the Chapter 13 case was filed, the Debtor's verified complaint and ex parte motion do not offer any authority for the Court to extend the 60 days granted by § 108(b) of the Bankruptcy Code. No case law and no other statutory provisions are cited to explain how this Court would have the authority to extend the 60-day extension granted by § 108(b) of the Bankruptcy Code. From the Court's own review, it does not appear that there is any case law in the Sixth Circuit that authorizes this Court to extend the 60 days that is granted by § 108(b) of the Bankruptcy Code. See Federal Land Bank of Louisville v. Glenn (In re Glenn), 760 F.2d 1428, 1437 (6th Cir. 1985) (agreeing with Johnson v. First National Bank, 719 F.2d 270, 275 (8th Cir. 1983) and Bank of Commonwealth v. Bevan, 13 B.R. 989, 994 (Bankr. E.D. Mich. 1981), and following the "'clear majority' of cases" holding "that the filing of a petition in bankruptcy did not toll or extend the running of the statutory period of redemption" beyond the 60 days provided under § 108(b)). Because the Court does not have any authority to extend the 60 days provided by § 108(b) of the Bankruptcy Code, the Court finds that the Debtor has not demonstrated a strong or substantial likelihood of probability of success on the merits of the verified complaint.

There are deficiencies in the ex parte motion other than the failure to certify efforts to provide notice to opposing counsel. However, the Court need not decide the ex parte motion based upon those deficiencies because the Debtor has failed in any event to demonstrate a likelihood of success on the merits. That factor alone is dispositive of the Debtor's ex parte motion without consideration of any other issues or the other factors that are ordinarily considered by courts when requested to issue a temporary restraining order. Because the verified complaint does not demonstrate a strong and substantial likelihood of success on the merits, the Court has determined to deny the Debtor's ex parte motion. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's ex parte motion for entry of a temporary restraining order is denied.

.

**Signed on September 13, 2011**

                                                  **/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**